IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELIA LOPEZ-WELCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2416-L** |
| | § | |
| STATE FARM LLOYDS and | § | |
| GREGORY DELCID, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Opposed Motion to Remand, filed August 4, 2014. After careful consideration of the motion, response, briefs, record, and applicable law, the court **grants** Plaintiff's Opposed Motion to Remand, and **remands** this action to the 95th Judicial District Court, Dallas County, Texas.

**I.     Background**

Delia Lopez-Welch ("Plaintiff" or "Lopez-Welch"), a Texas citizen, originally filed this action in the 95th Judicial District Court, Dallas County, Texas, on May 29, 2014. Lopez-Welch sued State Farm Lloyds ("State Farm") and Gregory Delcid ("Delcid") (collectively, "Defendants"), alleging ten causes of action against Defendants individually and jointly.

This action arises from a dispute over the manner in which Defendants handled a claim filed by Plaintiff relating to her insured property. State Farm issued a policy to Plaintiff that insured property owned by her at 2138 Glenfield Avenue, Dallas, Texas. On March 29, 2013, a wind storm and hailstorm damaged Plaintiff's property. Lopez-Welch submitted a claim to State Farm pursuant to the insurance policy for roof and water damage caused by the storm, and sought

**Memorandum Opinion and Order – Page 1**

to recover for the costs of repairs to the property under the insurance policy and for any other coverage available under the policy. Defendants did not resolve the claim to Plaintiff's satisfaction, and this action ensued.

Lopez-Welch has asserted claims for: (1) breach of contract against State Farm; (2) violation of Chapters 541 and 542 of the Texas Insurance Code against State Farm and Delcid; (3) violation of the Texas Deceptive Trade Practices Act against State Farm and Delcid; (4) unfair insurance practices against State Farm and Delcid; (5) breach of the duty of good faith and fair dealing against State Farm and Delcid; (6) fraud against State Farm and Delcid; (7) conspiracy against State Farm and Delcid; (8) aiding and abetting against State Farm and Delcid; (9) negligence and gross negligence against Delcid; and (10) negligent misrepresentation against Delcid. Pl.'s Orig. Pet. 7-18.

On July 3, 2014, State Farm removed this action to federal court, contending that, as required by 28 U.S.C. § 1332(a), complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. State Farm contends that although Delcid is a Texas citizen, his citizenship should be disregarded in determining diversity because he was improperly joined. State Farm contends that Delcid was improperly joined because Plaintiff has not pleaded sufficient facts for the court to determine that a reasonable basis exists to predict that Lopez-Welch might be able to recover against Delcid on any of the state law claims asserted against him.

Plaintiff contends that Delcid was not improperly joined, that she did not add Delcid as a means to defeat jurisdiction, that she has adequately pleaded a cause of action against Delcid, and that the court has a reasonable basis to predict that she can recover against Delcid on at least one

**Memorandum Opinion and Order – Page 2**

of her state law claims. Therefore, she contends that complete diversity does not exist, as she and Delcid are both Texas citizens, and requests the court to remand this action to state court.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, State Farm has the burden to establish that Delcid was joined by Lopez-Welch to defeat federal jurisdiction. *Id*. at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real

**Memorandum Opinion and Order – Page 3**

interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, State Farm must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since State Farm does not assert fraud on the part of Lopez-Welch, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d

**Memorandum Opinion and Order – Page 4**

40, 42 (5th Cir. 1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

**III.    Analysis**

      **A.    Issue to Be Decided**

State Farm acknowledges that a cause of action under Chapter 541 of the Texas Insurance Code may be maintained against an insurance adjuster. Def.'s Resp. to Pl.'s Mot. to Remand 5. The sole issue to be determined by the court is whether Plaintiff has pleaded sufficient facts for the court to conclude that a reasonable basis exists for Plaintiff to recover against Delcid under Chapter 541 of the Texas Insurance Code. Although Plaintiff has pleaded multiple claims or causes of action against Defendants, the court need not determine whether Plaintiff has set forth sufficient facts for it to predict that a reasonable basis exists for recovery as to each claim or cause of action asserted. This is so because 28 U.S.C. § 1441's "holistic approach to removal mandates that the existence of even a single valid cause against [an] in-state defendant[] (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (footnote omitted). As the court determines, for the reasons that follow, that Plaintiff has adequately pleaded at least one claim under Chapter 541 of the Texas Insurance Code, it will not focus on the sufficiency of Plaintiff's pleadings as to the other claims pleaded.

      **B.    Applicable Standard for Pleadings**

In deciding whether a plaintiff has pleaded sufficient facts for the district court to predict that a reasonable basis exists that the plaintiff might recover from a nondiverse defendant, the court must decide whether the state or federal standard for pleading applies. The state standard for pleadings is more relaxed than the federal standard required to defeat a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Lopez-Welch urges the court to apply the Texas standard. State

**Memorandum Opinion and Order – Page 6**

Farm urges the court to apply the federal standard, although it contends that Plaintiff's pleadings even fail to meet the more liberal Texas standard.

A pleading in the district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas courts are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice of the claim involved." Tex. R. Civ. P. 47(a). This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007). A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure became effective. This new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. The motion must be decided "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. This new rule

**Memorandum Opinion and Order – Page 7**

now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6).

In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005). Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical and sound. When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that one pleading in state court should be so hapless to be put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern. Moreover, in *Michels v. Safeco Insurance Company of Indiana*, the Fifth Circuit recently held that a district court correctly used the Texas "fair notice" pleading standard to determine whether the plaintiffs had sufficiently pleaded facts for the district court to predict that a reasonable basis existed that they might be able to recover against the nondiverse defendant. 544 F. App'x 535, 539 (5th Cir. 2013). For these reasons, the court applies the Texas "fair notice" standard to the allegations of Plaintiff's Original Petition ("Petition") and examines it in the context of Texas Rules of Civil Procedure 47(a) and 91a.

### C.    Allegations of the Petition

The court has referenced the causes of action in the Petition. The court believes the operative allegations relating to Plaintiff's claims under Chapter 541 of the Insurance Code should be set forth. The Petition sets forth the following allegations:

**Memorandum Opinion and Order – Page 8**

G.  Defendant Delcid was the agent for State Farm and represented State Farm in regard to Plaintiff's claim. Delcid also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Delcid acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Delcid is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Delcid acted as the agent and representative for State Farm in this claim.

H.  Defendant Delcid improperly adjusted the Plaintiff's claim. Defendant Delcid conducted a substandard inspection, which is evidenced in his [R]eport, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Delcid misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Delcid made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Delcid's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Delcid's misrepresentations caused State Farm to underpay Plaintiff on [her] insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's [P]roperty. This has caused additional, further damage to Plaintiff's [P]roperty. Delcid also advised Plaintiff as to how [she] could repair [her] Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair [her] Property and prevent future damage by following Delcid's advice. Plaintiff's Property has sustained further damages as a result.

I.  Defendants State Farm and Delcid misrepresented that the damages caused by the wind and hailstorm were only $496.23. However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $44,000.00.

J.  Defendants State Farm and Delcid failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.  These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

**Memorandum Opinion and Order – Page 9**

L. Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M. Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

**Memorandum Opinion and Order – Page 10**

Pl.'s Original Pet. 3-6, § V, ¶¶ G-R (footnotes omitted). Although the footnotes were omitted by the court, they refer to a Report prepared by Delcid that was attached as Exhibit "A" to the Petition. As the Report was attached to and referenced in the Petition, it is considered part of the pleadings. Tex. R. Civ. P. 59.

### D. Discussion

The "Unfair Settlement Practices" section of the Texas Insurance Code provides in relevant part as follows:

> (a)   It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>    (1)   misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>    (2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>       (A)   a claim with respect to which the insurer's liability has become reasonably clear. . . .
>    (3)   failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>    (4)   failing within a reasonable time to:
>       (A)   affirm or deny coverage of a claim to a policyholder. . . .
>    (7)   refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Tex. Ins. Code Ann. § 541.060(a)(1), (2)(A), (3), (4)(A), & (7) (West 2009). The court now examines the allegations of the Petition with respect to Plaintiff's Section 541 claims.

From a review of the allegations of the Petition, we know that: (1) Plaintiff had an insurance policy with State Farm that covered losses to her Property; (2) the Property suffered damages as a result of the wind storm and hailstorm in March 2013; (3) Plaintiff submitted a claim to State Farm; (4) Delcid was the agent for State Farm and represented State Farm with respect to the claim Plaintiff filed; (5) Delcid was the investigator assigned to Plaintiff's claim; (6) Delcid was the

**Memorandum Opinion and Order – Page 11**

adjuster for the claim submitted by Plaintiff; (7) Delcid's Report concluded that the cash value of the damages to the Property was $496.23; (8) Plaintiff disagrees with Delcid's Report and maintains that the damages to the Property exceed $44,000; (9) the full proceeds of the insurance policy were not paid; and (10) the claim was not settled to Plaintiff's satisfaction. When the court considers these specific allegations in conjunction with the recitation or summarization of the statutory language, it has no pause in concluding that a reasonable basis exists to predict that Lopez-Welch might be able to recover against Delcid on at least one of the claims asserted under Chapter 541 of the Texas Insurance Code. The most likely source or basis for Plaintiff contending that Delcid improperly adjusted her claim, conducted a substandard inspection, failed to include many of her damages in his Report, and denied Plaintiff's claims without an adequate investigation is the gross disparity between Delcid's assessment of the amount of damages ($496.23) caused by the storm and Plaintiff's assessment of the amount of damages ($44,000) caused by the storm.

Whether Plaintiff ultimately prevails on her claim is quite beside the point. Given the totality of the allegations and the reasonable inferences that can be drawn from them, the court determines that Plaintiff has pleaded sufficiently actionable conduct attributable to Delcid and that a reasonable person could believe the allegations pleaded by Plaintiff as to: (1) the failure of Delcid and State Farm to attempt in good faith to effect a prompt, fair and equitable settlement of Plaintiff's claim after State Farm's liability became clear (§ 541.060(a)(2)(A)); (2) the failure of State Farm and Delcid to provide Lopez-Welch a reasonable explanation for State Farm's denial of her claim or offer of a compromise settlement of her claim (§ 541.060(a)(3)); and (3) the refusal of State Farm and Delcid to pay a claim without conducting a reasonable investigation (§ 541.060(a)(7)). The court therefore determines that Plaintiff has sufficiently pleaded a claim for each of these provisions of the Texas Insurance Code, that a reasonable basis exists for it to predict

that Lopez-Welch might recover against Delcid, the nondiverse defendant, on these three provisions of the statute, and that Delcid was not improperly joined to defeat diversity jurisdiction.

One other matter raised by State Farm warrants the court's attention but does not alter its holding. State Farm cites *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), for the proposition that a failure to serve a nondiverse defendant with process is indicative of improper joinder. State Farm and the district court cases it cites for the proposition that a removing defendant may establish improper joinder by a plaintiff's failure to serve the nondiverse defendant overstate and misapprehend the holding of *Griggs*.[*] The Fifth Circuit did state, "Moreover, we *note* that notwithstanding Blum's identity as a defendant, Griggs did not make any attempt to serve Blum with the original or amended petition." *Id*. (emphasis added). The *Griggs* decision, however, turned on the failure of the plaintiff to allege "actionable facts specific to [Lark] Blum," who was an independent agent for State Farm Lloyds. *Id*. The decision of the Fifth Circuit did not turn on the lack of service. The court declared, "We conclude that Griggs' pleadings, standing alone, do not set forth actionable claims against Blum." *Id*. When the Fifth Circuit rendered its conclusion, "the cake was baked," and the language regarding failure to serve or attempt service was merely "icing on the cake." In other words, when the court concluded that the pleadings did not support actionable claims against Blum, it necessarily determined that she had been improperly joined, and anything stated after such determination was merely dicta or a passing observation. Had the Fifth Circuit declared that the failure to serve was an alternative holding for concluding

---

[*] State Farm's Resp. & Br. to Pl.'s Mot. to Remand, Doc. 6 at 8-9 (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011); *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532, at *6 (S.D. Tex. June 19, 2013); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013); *Dougherty v. State Farm Lloyds*, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001); and *Moreaux v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 1559761, at *3 (W.D. La. June 3, 2009)).

**Memorandum Opinion and Order – Page 13**

that Blum was improperly joined, *Griggs* and the district court cases cited by State Farm would be apposite to the service issue. As the court made no such conclusion, these cases are neither controlling nor persuasive.

## IV.     Conclusion

For the reasons herein stated, the court **concludes** that a reasonable basis exist to predict that Lopez-Welch might be able to recover against Delcid on at least one of her claims under Chapter 541 of the Texas Insurance Code, that Delcid was not improperly joined to defeat diversity jurisdiction, that complete diversity of citizenship does not exist between the parties because Lopez-Welch and Delcid are both Texas citizens, and that it therefore **lacks** subject matter jurisdiction to hear this action. Accordingly, the court **grants** Plaintiff's Opposed Motion to Remand and **remands** this action to the 95th Judicial District Court, Dallas County, Texas. The clerk of court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 31st day of October, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge